**GNAU & TAMEZ LAW GROUP, LLP**
Daniel R. Tamez, Esq. State Bar No. 216619
danieltamez@sdinjuryattorney.com
1010 SECOND AVENUE, SUITE 1750
SAN DIEGO, CALIFORNIA  92101
Telephone: (619) 446-6736

**FEARS | NACHAWATI LAW FIRM, P.L.L.C.**
Majed Nachawati
SBN 24038319
mn@fnlawfirm.com
Bryan Fears
SBN 24040886
fears@fnlawfirm.com
Fears | Nachawati Law Firm
4925 Greenville Ave, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712

**WILSON TROSCLAIR & LOVINS, P.L.L.C.**
Jeremy R. Wilson
State Bar No. 24037722
Kenneth P. Trosclair
State Bar No. 24033548
302 N. Market St.
Suite 510
Dallas, Texas 75202
Telephone: (214) 484-1930
Facsimile: (214) 276-1475

**ATTORNEYS FOR PLAINTIFFS**
**(pro hac vice application pending)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| CHARLIE AUGHENBAUGH, TONY WEBER, BROOKE STAFFORD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RINGLEADER DIGITAL, Inc., CABLE NEWS, NETWORK, Inc., SURFLINE/WAVETRAK, Inc., WHITEPAGES.COM, Inc., TRAVEL CHANNEL, L.L.C., ACCUWEATHER, Inc., GO2 MEDIA, Inc., MERRIAM-WEBSTER, INC., and MEDIALETS, Inc. | Cause No. _SACV10-1407_<br>Judge: _CJC(RNBx)_<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMAND**<br><br>1. Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030;<br><br>2. Violation of California's Computer Crime Law, Penal Code § 502; |

COMPLAINT – CLASS ACTION

Defendants.

3. Violation of California's Consumer Legal Remedies Act, California Civil Code § 1750

4. Violation of California's Unfair Competition Law, California Business and Professions Code § 17200

5. Violation of California's Invasion Of Privacy Act, California Penal Code §630;

6. Trespass to Personal Property

7. Unjust Enrichment

## COMPLAINT – CLASS ACTION

Plaintiffs, Charlie Aughenbaugh, Tony Weber, Brooke Stafford (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, on information and belief, sue Defendants, Ringleader Digital, Inc. ("Ringleader Digital"), Cable News Network, Inc. ("CNN"), Surfline/Wavetrak, Inc. ("Surfline"), Whitepages, Inc. ("WhitePages"), Travel Channel, L.L.C. ("Travel Channel"), Accuweather, Inc. ("Accuweather"), Go2 Media, Inc.("Go2 Media"), Merriam-Webster, Inc. ("Merriam-Webster") and Medialets, Inc ("Medialets."), and in support thereof, state:

1.  This is a class action. Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals.

### I.
### PARTIES

2.  Charlie Aughenbaugh is a resident of Santa Monica in Los Angeles County, CA.

3.  Tony Weber is a resident of Newport Beach in Orange County, CA.

4.  Brooke Stafford is a resident of Aliseo Viejo in Orange County, CA.

5.  Defendant Ringleader Digital, Inc., is a Delaware Corporation with its principal place of business at 286 Fifth Avenue, New York, NY 10001. Service of Process can be made on

COMPLAINT – CLASS ACTION

Defendant through its registered agent, Corporation Service Company located at 2711 Centerville Road Suite 400, Wilmington DE 19808.

6. Cable News Network, Inc. owns and/or operates "cnnmoney.mobi," which is CNNMoney's mobile website. CNN is a Delaware Corporation with its principal place of business at One CNN Center, Atlanta, GA 30303. Process can be served on Defendant through its registered agent, The Corporation Trust Company, located at 1209 Orange Street, Wilmington, DE 19801.

7. Surfline/Wavetrak, Inc. owns and or operates "mobile.surfline.com," which is Surfline/Wavetrak's mobile website. Surfline/Wavetrak, Inc, is a Delaware corporation with its principal place of business at 300 Pacific Coast HWY, Suite 300, Huntington Beach, CA 92648. Process can be served through its registered agent, Jonno Wells, located at 1706 Highland Drive, Newport Beach, CA, 92660.

8. WhitePages, Inc. owns and/or operates "m.whitepages.com," which is WhitePages mobile website. WhitePages is a Delaware Corporation with its principal place of business at 1301 Fifth Avenue, Seattle, WA 98101. Process can be served on Defendant through its registered agent, CT Corporation, located at 818 W. 7th St, Los Angeles, CA 90017.

9. Travel Channel, L.L.C. owns and/or operates "m.travelchannel.com," which is Travel Channel's mobile website. Travel Channel is a Delaware Limited Liability Company with its principal place of business at 5425 Wisconsin Avenue, Suite 500, Chevy Chase, MD 20815. Process can be served on the Defendant through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

10. Accuweather, Inc. owns and/or operates www.accuweather.com, which is Accuweather's mobile website. Accuweather is a Pennsylvania Corporation with its principal place of business at 385 Science Park Road, State College, PA 16803. Process can be served on the Defendant

COMPLAINT – CLASS ACTION

through its registered agent Joel N. Myers located at 385 Science Park Road, State College, PA 16803.

11. Go2 Media, Inc. owns and/or operates www.go2.com, which is Go 2Media's mobile website. Go2 Media is a Delaware Corporation with its principal place of business at 10 High Street, Tenth Floor, Boston, MA 02110. Process can be served on the Defendant through its registered agent, CT Corporation System, located at 8181 W. 7th Street, Los Angeles, CA 90017.

12. Merriam-Webster, Inc. owns and/or operates i.word.com, which is their mobile site. Merriam-Webster, Inc. is a Massachusetts, Corporation with its principal place of business located at 47 Federal St., Springfield, Massachusetts 01102. Defendant Merriam-Webster can be served with process through its registered agent, CT Corporate System, 155 Federal Street, Ste 700, Boston, MA 02110

13. Medialets, Inc. is a Delaware corporation with its principal place of business at 15 East 26th Street, Suite 802, New York, NY 10010. Process can be served on the Defendant through its registered agent, Corporation Service Company, located at 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## II.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (federal diversity jurisdiction) as one or more members of the proposed class are residents of a different state from Defendant and the amount in controversy likely exceeds the jurisdictional amount required by that code section. This Court also has jurisdiction pursuant to 28 U.S.C. §1332 (federal question jurisdiction) as this action concerns a law of the United States.

15. Venue is appropriate in this District because members of the proposed class are residents of the District and Defendants have committed torts within the Central District of California.

COMPLAINT – CLASS ACTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.

## FACTS APPLICABLE TO ALL COUNTS

16. This is a consumer Class Action lawsuit pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

17. The claims in this matter concern Defendants' intentional exploitation of software on Plaintiffs' mobile device for the purpose of tracking Plaintiffs' internet activities.  Considering that mobile advertising will soon be a $3 billion a year industry, it is no surprise that Defendants are looking for every advantage to capture their share of this growing market.  Indeed, advertisers, website publishers, and ad networks are constantly seeking ways to better track their web users and present them with targeted advertising relevant to their users' interests as expressed through their browsing habits.   Browser cookies are the traditional method that advertisers track web users' preferences.  Because cookies are not as useful for tracking user movements on handheld mobile devices as they are on traditional non-hand held computers, website publishers, advertisers, and ad networks had to come up with a way to better track the browser movements of handheld device users.

18. Defendants found the solution to their problem with HTML5.  A large number of hand held mobile devices, such as the iPhone, use HTML5 software to operate the mobile browsers on these devices.   The HTML5 software contains local storage databases that allow websites to store information on these devices, which when used appropriately enhance internet browsing on mobile devices.  Defendants, specifically Ringleader Digital, found a way to exploit these databases for their own advantage.

19. According to its own website, Defendant Ringleader Digital, Inc. is "focused on being the world's premier ad serving solution provider, delivering the online equivalent of ad serving technology and functionality to the mobile and new media markets."  Ringleader Media's

COMPLAINT – CLASS ACTION

"solution" at issue in this case is Ringleader Digital's "Media Stamp." Ringleader Digital describes its Media Stamp as "the mobile equivalent of an online 'cookie.'" Ringleader goes on to describe its Media Stamp as follows:

> Media Stamp™ lets you identify and track unique mobile and new media users to leverage ad-server functionality such as:
>
> - Frequency Capping
> - Unique Reporting
> - Acquisition tracking
>
> How does Media Stamp™ work? It captures a large number of attributes that identify the environment in which a user's advertising experience will occur. These attributes are collected from a variety of Ringleader Digital advertising systems. Collected attributes are weighted in terms of their discriminating capabilities, and used to determine if that device is unique

20. As unclear as the preceding language may be, the way the Media Stamp program works is deceptively simple. When a mobile website that uses Media Stamp is accessed, Ringleader's own databases collect information from the mobile device and the Media Stamp technology assigns Plaintiff's mobile device a "unique" identifying number. Ringleader stores this number on its data base and also uses the HTML5 storage databases on the users' hand held mobile device to store the assigned "unique" identifying number. This HTML5 database is titled "RLGUID," which stands for Ringleader Global Unique ID. With a unique identifying number that is assigned to a specific mobile device, Media Stamp allows Ringleader Digital, advertisers, ad agencies and website publishers to track a user's web browsing movements across the entire internet and not just one particular website. The benefit for purposes of advertising is obvious- by tracking all the internet movements on the mobile device, advertisers and website publishers now have a detailed picture of Plaintiffs' interests and likes, thereby allowing them to target mobile advertising specific to Plaintiffs' interests.

21. Recognizing the potential of its Media Stamp program, Ringleader sought to license this

COMPLAINT – CLASS ACTION

program to website publishers, advertisers, and ad agencies. Unsurprisingly, Ringleader Digital is having little difficulty selling its product. The owners and/or operators of Surfline, CNN, Travel Channel, go2.com, Whitepages.com, Accuweather, i.word.com, and Medialets contracted with Ringleader to use the Media Stamp technology on their websites and, in the case of Medialets, in their advertising services. What this means for Plaintiffs is that, unbeknownst to him, when he visited a mobile web site through his mobile device that contracted to use Ringmaster's Media Stamp technology, Ringmaster Digital's Media Stamp acquired information from Plaintiffs' phone and assigned a unique ID to their mobile device. At the same time or shortly thereafter- a matter of seconds at most- a new RLGUID database was created in the mobile device's HTML5 software assigned to "a.ringleaderdigital.com," which now allows Ringleader Digital to use the unique ID assigned by Media Stamp to track Plaintiffs' mobile activities across all mobile websites. Companies that associate with Ringleader Digital are now able to determine what targeted advertising best suits Plaintiffs' interests based on the information gathered from Plaintiffs' mobile searches and browsing.

22. In addition to the "a.ringleaderdigital.com" database, when individuals use their mobile devices to visit Surfline.com, CNNMoney.com, Travel Channel, Accuweather, Whitepages, Merriam-Webster's i.word.com, and go2.com's mobile websites, RLGUID HTML5 databases are created on their mobile devices and assigned to "mobile.surfline.com," "cnnmoney.mobi," "m.travelchannel.com,"    "www.accuweather.com,"    "m.go2.com,"    "i.word.com,"    and "m.whitepages.com," respectively. This allows Ringleader Digital and each of these mobile website operators to track the mobile device's internet activities over multiple websites based on the unique ID assigned to the mobile device and the HTML5 databases created on the mobile devices as assigned and created by Defendants.

23. For a company like Medialets, the benefit of having access to a program like Media

COMPLAINT – CLASS ACTION

Stamp is immense. Medialets is an advertising company that focuses on rich format mobile advertising and analytics. As such, the ability to identify and track mobile device users over multiple websites makes for a strong pitch to Medialets' potential clients. Or as better stated by a representative of Medialets, with the Media Stamp technology, "[Medialets] is able to make the process even more lucrative for publishers and advertisers by allowing them to tap into any of Ringleader's participating clients." The reason it is more lucrative is because Media Stamp will allow Medialets' clients to "achieve full visibility into their mobile web and application campaigns for the first time." In other words, by contracting to bring Media Stamp into its advertising and analytic services, Medialets is able to tell its clients that they will make more money because Media Stamp allows Medialets, advertisers, and web publishers to track the movements of mobile device users over multiple mobile websites, which provides better information for targeted advertising efforts. This explains why in October of 2009, Medialets proudly announced its decision to "integrate" Ringleader's Media Stamp technology into its advertising and analytics services. From that point forward Medialets engaged in the impermissible tracking of mobile users and assisted its clients, including CNNMoney and Whitepages, in their tracking of visitors to their mobile sites. Thus, individuals that went to either CNNMoney or Whitepages on their mobile device unknowingly had their actions on their mobile browser tracked by Medialets, Ringleader Digital, CNN and Whitepages.

24. There are many obvious privacy concerns that arise from Defendants' actions described above. The first obvious issue is the fact that a random third party, Ringleader Digital: (1) unknowingly accessed and created databases on Plaintiffs' mobile devices as well as placed information on Plaintiffs' mobile devices without Plaintiffs' knowledge or consent (2) assigned Plaintiffs' mobile devices unique identification numbers for the purpose of tracking these devices, and (3) stored information they acquired about Plaintiffs' phone and mobile browsing activities

COMPLAINT – CLASS ACTION

on Ringleader Digital's databases.   Plaintiffs' have no relationship with Ringleader that would have in any way formed a basis to argue that Plaintiffs consented to the listed actions by Ringleader.

25. Second, Plaintiffs' actions are being tracked by Defendants without Plaintiffs' permission.  If Plaintiffs' cleaned their cookies folder and deleted their browser history, this would have no affect on Defendants' ability to continue to track Plaintiffs because the information necessary to track Plaintiffs, the unique ID, is stored in the HTML5 databases. Considering that cookies are the traditional way to track information across the internet, Plaintiffs would have no reason to even consider looking elsewhere to determine if they are being tracked.  So, even if Plaintiffs were to take the traditional step to block advertisers and websites from tracking their movements, Ringleader Digital's Media Stamp, as licensed and used by the other Defendants, thwarted those efforts.

26. Third, to assign a unique ID to each mobile device and make its program worthwhile to potential customers, Media Stamp needs to collect information from Plaintiffs' mobile devices to distinguish it from other mobile devices.  As such, Ringleader Digital, at a minimum, collected "browser identifiers, session information, device type, carrier provider, IP addresses, unique device ID, carrier user ID and web sites visited." While it is unclear if they collect telephone numbers and specific names, piecing this information together makes it easier to personally identify the mobile device owners.  More to the point, however, is that Ringleader acquired important information about Plaintiffs and their mobile devices without Plaintiffs' permission or knowledge.

27. Fourth, even if a mobile device user, such as Plaintiffs, is able to locate the  HTML5 databases on their mobile device created by Defendants, Plaintiffs are unable to delete the databases.  That is because if a database is deleted from a phone it simply recreates itself only

**COMPLAINT – CLASS ACTION**

moments later.  In other words, if a mobile device user is able to find the RLGUID database assigned to "cnnmoney.mobi" and deletes the database from his device, the "cnnmoney.mobi" database will recreate itself on the mobile device.  This is clear evidence of Defendants attempt to further thwart the efforts of mobile device users to protect their privacy.

28. Fifth, once a mobile device is given a unique identification number by Ringleader Digital's Media Stamp technology and a RLDGUID database assigned to "a.ringleaderdigital.com" is created on the mobile device, neither can be removed for the life of the device.  This allows Ringleader Digital continual access to the mobile devices and the continual ability to track Plaintiffs' movements on the internet.  As such, once Ringleader Digital "stamps" a mobile device, that unique number and the database assigned for that number are forever a part of the device without ever requesting the Plaintiffs' permission to do so.

29. Sixth, CNN, Surfline, Accuweather, go2.com, Whitepages, Merriam-Webster's and Travel Channel's  privacy policies inadequately inform Plaintiffs of the extent in which they are being tracked by an unidentified third party, Ringleader Digital, and how Media Stamp works.  In fact, most of the Defendants' sites fail to address or identify Ringleader and Media Stamp at all.  Accuweather, Surfline, Go2.com and CNNmoney.mobile do not even have a privacy policy on their mobile webpage.  Even on Surfline, Merriam-Webster's, and CNNMoney.com's full webpage there is no mention of the use of Media Stamp or any type of data collection other than standard cookies and web beacons, which are not at issue here.  Whitepages' policies refer to advertising agencies that may collect information, but when you choose to opt out of their advertisers' services, the only mention is cookies.  All these privacy policies have something in common- no mention of Ringleader Digital, Media Stamp, or HTML5 databases.

30. The only mobile site that even mentions Ringleader.com is Travel Channel.  However, all they do is link to Ringleader Digital's policies without even spending a sentence to truthfully

COMPLAINT – CLASS ACTION

explain what type of company Ringleader Digital is and to describe how Ringleader collects data from the mobile device. Ringleader's own policies are not much more forthcoming. The words "HTML5 database" are conspicuously absent, and there is no explanation of the unique ID assigned to the mobile device. Instead, what you see is a constant reference to cookies and vague references to other technologies. After reading the policy, mobile Plaintiffs are left to believe that Ringleader Digital's monitoring techniques are no different than the good old cookies people are familiar with and know how to block. Ringleader Digital's policies leave Plaintiffs in the dark as to how their browsing habits are being monitored and the permanence of the monitoring. So even if a Plaintiffs take the time to track down and read these convoluted privacy policies written in legalese, they still have no idea that a database has been created on their mobile device, that their device has now been assigned a unique ID number, that neither can be removed for the life of the phone, and that their entire browsing habits are being monitored by the Defendants.

31. The reality is that even a well written privacy policy is woefully inadequate in this circumstance. Before Plaintiffs can get to and read the lengthy privacy policy on the Defendants' website, Ringleader Digital has already scanned the device for relevant information that is downloaded to Ringleader Digital's database, created a permanent unique identification number for that mobile device that exists as long as the mobile device exists, and created a database on the mobile device that cannot be removed from the mobile device. As such, even if the Plaintiffs read the privacy policy on the mobile sites webpage, is able to comprehend from that policy that the website and Ringleader Digital are tracking the Plaintiffs' activities on the mobile device, and decides to no longer go to that website, the damage is already done. The Defendants have already impermissibly hacked into Plaintiffs' mobile device, began tracking the Plaintiffs, and acquired the necessary information and tools to continue tracking the Plaintiffs'

COMPLAINT – CLASS ACTION

activities.    All of this happens before Plaintiffs even have the chance to say "no thank you." This wrong cannot be overcome no matter how well written the privacy agreement is.   As such, all the Defendants need to be held accountable for their actions.

## IV.

## CAUSE OF ACTIONS

## COUNT 1 – COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030

32. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

33. By placing creating HTML5 databases on the computers of Plaintiffs and members of the class, Defendants acting individually or in concert have accessed Plaintiffs' computers, in the course of interstate commerce and/or communication, in excess of the authorization provided by Plaintiffs as described in 18 U.S.C. § 1030(a)(2)(C).

34. Defendants acting individually or in concert violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing Plaintiffs' and members of the class's computers without authorization and/or by exceeding the scope of that authorization.

35. Plaintiffs computers, and those of the class, are protected computers pursuant to 18 U.S.C. § 1030(e)(2)(B).

36. Defendants acting individually or in concert thus further violated the Act by causing the transmission of a program, information, code or command and as a result causing harm to the protected computer aggregating at least $5,000 in value.

37. Defendants actions were knowing and/or reckless and caused harm to Plaintiffs and members of the proposed class.

38. Plaintiffs seek recovery for these damages, as well as injunctive relief, to prevent future harm.

COMPLAINT – CLASS ACTION

## COUNT II – CALIFORNIA'S COMPUTER CRIME LAW

## CALIFORNIA PENAL CODE § 502

39. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

40. Defendant's actions, individually or in concert, constitute a violation of California Penal Code § 502 as Defendants knowingly accessed data belonging to Plaintiffs and members of the proposed class in the State of California and/or through servers located in the State of California.

41. Such access was without authorization and caused damage to Plaintiffs and members of the proposed class.

42. Plaintiffs have suffered irreparable injury from this unauthorized access to their computers.

43. Plaintiffs seek all remedies available under the Act, including injunctive relief and recovery of reasonable attorneys' fees.

## COUNT III - CONSUMER LEGAL REMEDIES ACT
## CALIFORNIA CIVIL CODE § 1750 ("CLRA").

44. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

45. Defendants, acting individually or in concert, failed to disclose the fact that they were placing an HTML5 database on Plaintiffs' and members of the Class's computers.  Plaintiffs, and members of the class, would not ordinarily expect for HTML5 databases to be used for anything other than their intended purposes and would not expect that they would be used to track their mobile online web browsing behavior.

46. Plaintiffs and members of the Class would certainly not expect anything to be placed on their computers that were designed to thwart their will by replacing databases that had been deleted by Plaintiffs and members of the class.

COMPLAINT – CLASS ACTION

47. Such actions by Defendants constitute deceptive and unfair acts and practices pursuant to CLRA.

48. Defendants' actions were intended to, and in fact, likely resulted in sales to Plaintiffs and members of the class.

49. Plaintiffs and members of the proposed class are consumers under the CLRA.

50. Defendants, acting individually or in concert, violated the act in at least the following ways:  1) representing that their services have characteristics, uses, and benefits that they do not have; 2) representing that their services are of a particular standard, grade, quality which they are not; and/or 3) advertising their services with the intent to not sell them as advertised.

51. Such actions have caused harm to the Plaintiffs and the Class.  Plaintiffs and the proposed class seek to remedy this harm by appropriate injunctive relief.

### COUNT IV –  UNFAIR COMPTEITTION LAW,

### CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

52. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

53. Defendants' above-described actions constitute unlawful and unfair competition within the meaning of the Unfair Competition Law.

54. Defendants' actions constitute false advertising in that they failed to disclose to Plaintiffs and members of the proposed class the precise nature of the information which was being placed on Plaintiffs' computers and those of the proposed class.

55. Furthermore, as described in the other counts in this Complaint, Defendants' actions were in violation of several statutes and therefore unlawful.

56. Plaintiffs and members of the proposed class have been harmed by Defendants' actions.

57. Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to

COMPLAINT – CLASS ACTION

remedy this harm.

## COUNT V – CALIFORNIA INVASION OF PRIVACY ACT,

## CALIFORNIA PENAL CODE § 630

58. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

59. Defendants' actions, individually or in concert, of intercepting and monitoring Plaintiffs' and members of the proposed class web surfing activities through the use of HTML5 databases constitutes an intentional attempt to intercept or to learn the contents of any message, report or communication which is in transit passing over a telephone cable, line or wire instrument.

60. Plaintiffs and members of the proposed class did not consent to such interception or attempted interceptions.

61. Defendants were not justified under the Statute to attempt to intercept or to intercept Plaintiffs' and members of the class's communications.

62. Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

## COUNT VI – TRESPASS TO PERSONAL PROPERTY

63. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

64. By placing an HTML5 database on Plaintiffs' and members of the Class's computers without their consent or knowledge, Defendants have improperly exercised dominion and control over Plaintiffs' and members of the Class's personal property – their computer.

65. Defendants' actions were done knowingly and intentionally.

66. Defendants' actions caused harm to Plaintiffs and members of the proposed class.

67. Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to

**COMPLAINT – CLASS ACTION**

remedy this harm.

## COUNT VI – UNJUST ENRICHMENT

68. Plaintiffs incorporate by reference each proceeding and succeeding paragraph as though set forth fully at length herein.

69. Defendants, acting individually or in concert, have improperly and illegally profited from the obtainment and/or sale of Plaintiffs' and members of the class's personal, private data. Defendants' actions have been done knowingly and secretively with the intent that Plaintiffs not realize what was being done.

70. These actions constitute violations of both statutory as well as common law obligations as outlined above.

71. Defendants' actions caused harm to Plaintiffs and members of the proposed class.

72. Plaintiffs and the proposed class seek damages for this harm as well as injunctive relief to remedy this harm.

73. Defendants should not, in equity, be allowed to retain their ill begotten gains.  Plaintiffs therefore seek recovery under the equitable theory of unjust enrichment.

### I.

### CLASS ACTION ALLEGATIONS

74. Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as representatives of the following class (the "Class"):

> U.S. Resident Class: Each and every individual who owns or owned a mobile hand held computer, including but limited to mobile phones and laptops, that had a "RLDGUID" database or any other identifying tag or mark placed on that device by any of the Defendants through the use of the HTML5 database feature.

> California Resident Class:   All residents of California that own or owned a mobile hand held computer, including but limited to

COMPLAINT – CLASS ACTION

mobile phones and laptops, that had a "RLDGUID" database or any other identifying tag or mark placed on that device by any of the Defendants through the use of the HTML5 database feature.

Injunctive Class: All persons after the date of the filing of this complaint, residing in the United States, that own or owned a mobile hand held computer, including but limited to mobile phones and laptops, that had a "RLDGUID" database or any other identifying tag or mark placed on that device by any of the Defendants through the use of the HTML5 database feature.

The Class action period, (the "Class Period"), pertains to the date, two years preceding the date of this filing to the date of Class certification, that an individual that owned or owns owned a mobile hand held computer, including but limited to mobile phones and laptops, had a "RLDGUID" database or any other identifying tag or mark placed on that device by any of the Defendants through the use of the HTML5 database feature.

Excluded from the class are Defendants as well as all employees of this Court, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts of the Central District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called for jury service in relation to this lawsuit. Also excluded from the class are any attorneys or other employees of any law firms hired, retained and/or appointed by or on behalf of the named Plaintiffs to represent the named Plaintiffs and any/or any proposed class members or proposed class in this lawsuit.

Furthermore, to the extent that undersigned counsel has any legal interest to damages or other monetary relief, or other relief due to the putative class (or any other rights as potential putative class members), arising as a result of the causes of action asserted in this litigation, such interest is hereby disclaimed by undersigned counsel.

75. The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable. Although discovery will be necessary to establish the exact size of the class, it is likely, based on the nature of Defendants' business, that it numbers in the millions.

**COMPLAINT – CLASS ACTION**

76. There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

    a.   whether Defendants, as a regular practice, placed "RLDGUID" databases on members of the class's hand held mobile computers; and

    b.   whether Defendants failed to disclose material terms regarding the placing of "RLDGUID" databases on members of the class's hand held mobile computers; and

    c.   what use was made of such "RLDGUID" databases, including whether they were used for purposes of tracking individuals web surfing and whether personal information was obtained regarding members of the class; and

    d.   whether "RLDGUID databases were designed to recreate even after they were deleted from class members' hand held mobile computers so as to thwart the class members' attempt to not be tracked by Defendants.

77. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

    a.   All of the questions of law and fact regarding the liability of the Defendants are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendants to all class members;

    b.   Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by relevant statutes and the common law;

    c.   Plaintiffs have retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the

**Page 18**

COMPLAINT – CLASS ACTION

class members and are determined to diligently discharge those duties to
obtain the best possible recovery for the Class.

78. Defendants' actions have affected numerous consumers in a similar way. The class action is superior to any other method for remedying Defendants' actions given that common questions of fact and law predominate. Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

WHEREFORE, Plaintiffs demand judgment on their behalf and on behalf of the other members of the Class to the following effect:

    a.   declaring that this action may be maintained as a class action;

    b.   granting judgment in favor of Plaintiffs and the other members of the Class against the Defendants;

    c.   treble and/or punitive damages should be the Court find that the Defendants acted in willful or reckless disregard of the law;

    d.   injunctive relief preventing Defendant from further using "Flash Cookies" and/or requiring more detailed disclosure and informed consent from the class regarding their use; and

    e.   such other relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

**GNAU & TAMEZ LAW GROUP, LLP**
Daniel R. Tamez, Esq. State Bar No. 216619
danieltamez@sdinjuryattorney.com
1010 SECOND AVENUE, SUITE 1750
SAN DIEGO, CALIFORNIA  92101
Telephone: (619) 446-6736

**COMPLAINT – CLASS ACTION**

**FEARS | NACHAWATI LAW FIRM, P.L.L.C.**
Majed Nachawati
SBN 24038319
mn@fnlawfirm.com
Bryan Fears
SBN 24040886
Fears | Nachawati Law Firm
4925 Greenville Ave, Suite 715
Dallas, Texas 75206
Telephone: (214) 890-0711
Facsimile: (214) 890-0712


**WILSON TROSCLAIR & LOVINS, P.L.L.C.**
Jeremy R. Wilson
State Bar No. 24037722
Kenneth P. Trosclair
State Bar No. 24033548
302 N. Market St.
Suite 510
Dallas, Texas 75202
Telephone: (214) 484-1930
Facsimile: (214) 276-1475

**ATTORNEYS FOR PLAINTIFFS**

COMPLAINT – CLASS ACTION

*(**pro hac vice** application pending)*

## DECLARATION OF DANIEL R. TAMEZ

I, DANIEL R. TAMEZ, hereby declare on oath as follows:

1.     I am an attorney licensed to practice law in the state of California.  I am over the age of 18 years and I have personal knowledge of the matters attested to herein.  If called upon to testify, I would and could competently do so.

2.     I make this declaration pursuant to California Civil Code section 1780(c) on behalf of my clients, plaintiffs, Charlie Aughenbaugh, Tony Weber, and Brooke Stafford on behalf of themselves and all others similarly situated.

3.     Defendant Ringleader Digital, Inc.'s principle executive offices and headquarters are located at 286 Fifth Avenue, New York, NY 10001.

4.     Defendant CNN is a Delaware Corporation with its principal place of business at One CNN Center, Atlanta, GA 30303.

5.     Defendant Surfline/Wavetrak, Inc, is a Delaware corporation with its principal place of business at 300 Pacific Coast HWY, Suite 300, Huntington Beach, CA 92648.

6.     Defendant WhitePages is a Delaware Corporation with its principal place of business at 1301 Fifth Avenue, Seattle, WA 98101.

7.     Defendant Travel Channel is a Delaware Limited Liability Company with its principal place of business at 5425 Wisconsin Avenue, Suite 500, Chevy Chase, MD 20815.

8.     Defendant Accuweather is a Pennsylvania Corporation with its principal place of business at 385 Science Park Road, State College, PA 16803.

9.     Defendant Go2 Media is a Delaware Corporation with its principal place of business at 10 High Street, Tenth Floor, Boston, MA 02110.

**COMPLAINT – CLASS ACTION**

10.     Merriam-Webster, Inc. is a Massachusetts, Corporation with its principal place of business located at 47 Federal St., Springfield, Massachusetts 01102.

11.     Defendant Medialets, Inc. is a Delaware corporation with its principal place of business at 15 East 26th Street, Suite 802, New York, NY 10010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 15th day of September 2010 at  _San Diego_____, California.

By:     _____

        Declarant, Daniel R. Tamez

COMPLAINT – CLASS ACTION

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHARLIE AUGHENBAUGH, TONY WEBER and BROOKE STAFFORD | Ringleader Digital, Inc., Cable News, Network, Inc., Surfline/Wavetrak, Inc., Whitepages.com, Inc., Travel Channel, L.L.C., Accuweather, Inc., Go2 Media, Inc., Merriam-Webster, Inc., and Medialets, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gnau & Tamez Law Group, LLP, Daniel R. Tamez, Esq. State Bar No. 216619 1010 2nd Avenue Suite 1750, San Diego, California 92101, Telephone 619-446-6736 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:   Case Number:** _SACV10-1407_

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

| CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 09-15-2010

   Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV10- 1407 CJC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[X] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[_] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Name & Address
GNAU & TAMEZ LAW GROUP, LLP
Daniel R. Tamez, Esq. SBN 216619
danieltamez@sdinjuryattorney.com
1010 Second Ave, Suite 1750
San Diego CA 92101

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLIE AUGHENBAUGH, TONY WEBER, BROOKE STAFFORD, on behalf of themselves and all others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> RINGLEADER DIGITAL, INC et al <br> (See Attached) <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV10-1407-CJC (RNBx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): _____

_____

FOR OFFICE USE ONLY

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Daniel R Tamez_____, whose address is _1010 Second Ave Suite 1750, San Diego CA 92101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FOR OFFICE USE ONLY

Clerk, U.S. District Court

Dated: __1 6 SEP 2010_____     By: ____MARILYN DAVIS_____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1   **GNAU & TAMEZ LAW GROUP, LLP**
Daniel R. Tamez, Esq. State Bar No. 216619
danieltamez@sdinjuryattorney.com
2   1010 SECOND AVENUE, SUITE 1750
SAN DIEGO, CALIFORNIA 92101
3   Telephone: (619) 446-6736

4   **FEARS | NACHAWATI LAW FIRM, P.L.L.C.**
Majed Nachawati
5   SBN 24038319
mn@fnlawfirm.com
6   Bryan Fears
SBN 24040886
7   fears@fnlawfirm.com
Fears | Nachawati Law Firm
4925 Greenville Ave, Suite 715
8   Dallas, Texas 75206
Telephone: (214) 890-0711
9   Facsimile: (214) 890-0712

10  **WILSON TROSCLAIR & LOVINS, P.L.L.C.**
Jeremy R. Wilson
11  State Bar No. 24037722
Kenneth P. Trosclair
State Bar No. 24033548
12  302 N. Market St.
Suite 510
13  Dallas, Texas 75202
Telephone: (214) 484-1930
14  Facsimile: (214) 276-1475

15  **ATTORNEYS FOR PLAINTIFFS**
**(pro hac vice application pending)**

16

17              IN THE UNITED STATES DISTRICT COURT
           FOR THE CENTRAL DISTRICT OF CALIFORNIA
18                    LOS ANGELES DIVISION

19

| | |
|---|---|
| 20  CHARLIE AUGHENBAUGH, TONY WEBER, BROOKE STAFFORD, on behalf of themselves and all others similarly 21  situated, | Cause No. _____ <br> Judge: _____ |
| 22        Plaintiffs, | **COMPLAINT – CLASS ACTION** |
| 23        v. | **JURY TRIAL DEMAND** |
| 24  RINGLEADER DIGITAL, Inc., CABLE 25  NEWS, NETWORK, Inc., SURFLINE/WAVETRAK, Inc., 26  WHITEPAGES.COM, Inc., TRAVEL CHANNEL, L.L.C., ACCUWEATHER, 27  Inc., GO2 MEDIA, Inc., MERRIAM-WEBSTER, INC., and MEDIALETS, Inc. | 1. Violation of Computer Fraud and Abuse Act, 18 U.S.C. § 1030; <br><br> 2. Violation of California's Computer Crime Law, Penal Code § 502; |

28

COMPLAINT – CLASS ACTION